(No. 75-CV-207—)

ARNE PULLEN, SR., on behalf of ARNE PULLEN, JR., Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 28, 1975.*

RICHARD S. JEMILO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on July 21, 1974, at approximately 5:00 p.m., near the corner of 139th and Grace, Cook County, Robbins, Illinois. Arne Pullen, Sr., father of the victim, seeks compensation pursuant to the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That Arne Pullen, Jr., son of the claimant was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Murder". (*Ill. Rev. Stat., 1973, Ch. 38, §9-1*).

2. That on July 21, 1974, at approximately 5:00 p.m., the victim, Arne Pullen, Jr., age 20, and the assailant were having a discussion concerning money at 139th and Grove Streets, in Robbins, Illinois, when the assailant shot the victim in the abdomen and then ran. The Robbins Police were notified by an unknown citizen.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence that the claimant's injuries were in any way attributable to his wrongful act or the substantial provocation of his assailant.

4. That the victim was taken to St. Francis Hospital, 12935 South Gregory, Blue Island, Illinois, where he was treated for his injuries. All attempts made to save the victim's life failed, and the victim died on July 22, 1974. The body was taken to Golden Gate Funeral Home, 2036 West 79th Street. The body was then transported to Smith Funeral Home, 104 Petty Street, Sikeston, Missouri. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in

this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance in the apprehension and prosecution of the assailant.

7. That the assailant has been identified as Anthony Gilberry, formerly of 13993 Grace Street, Robbins, Illinois. Murder warrant #74-6-64838 was issued July 23, 1974 for the arrest of Anthony Gilberry; however, no arrest has been made as of this time and the assailant is still at large.

8. That the claimant seeks compensation for Hospital, Medical and Funeral expenses as well as loss of support.

9. That the claimant claims he was dependent on the victim for partial support. However, the victim had been unemployed since August, 1973, and no dependency has been shown.

10. That the claimant has not paid nor is he responsible for payment of any of the medical bills.

11. That §3(a) of the Act states:

"Any person related to the victim . . . is eligible for compensation, but only for reasonable funeral and medical expenses for the victim, provided that such expenses were paid by him."

12. That the claimant is not eligible for compensation for hospital and medical expenses of the victim since he has not paid for them.

13. That the claimant incurred funeral and burial

expenses and the gross amount of pecuniary loss for these items is as follows:

Golden Gate Funeral Home, Ltd., . . . . . . . . . . . . . . . . . . . . . $1,842.00
2036 W. 79th St.
Chicago, Ill. 60620

Smith Funeral Home . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 400.00
104 Petty Street
Sikeston, Missouri 63801 ───────

 Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,242.00

14. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

15. That, in the claim before us, the claimant has not received benefits from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act. The statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶13, leaves a loss compensable under the Act of $2,042.00. Hence, the claimant is entitled to an award in the amount of $2,042.00.

It Is Hereby Ordered that the sum of $2,042.00 (Two Thousand Forty Two Dollars and No Cents) be awarded to Arne Pullen, Sr., the father of Arne Pullen, Jr., an innocent victim of a violent crime.